**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **Cause No. 5:21-cr-00006-RWS-JBB-1** |
| | § | |
| **RANDY PHILLIPS** | § | |

---

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

---

On September 2, 2026, the Court held a preliminary hearing on the Government's First Amended Petition to Revoke Supervised Release, along with a revocation hearing. The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by Jake Potter.

## BACKGROUND

Randy Phillips ("Defendant") was sentenced on August 20, 2021, before The Honorable Robert W. Schroeder, III of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of Ammunition, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of VI, was 30 to 37 months. Defendant was subsequently sentenced to 37 months imprisonment and 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, acquiring a high school equivalency certificate and substance abuse testing and treatment.

At the time of the offense, Defendant was already on supervised release for Felon in Possession of a Firearm (WD/AR-Docket No. 4:16CR40002-1). This case was later transferred to the Eastern District of Texas (Docket No. 5:20CR00018-1). On August 20, 2021, the supervised

release was revoked, and Defendant was sentenced to 24 months imprisonment with 12 months concurrent to the sentence imposed in Docket No. 5:21CR00006-1. No additional term of supervised release was imposed. The basis for the revocation included new law violations constituting the federal offense as well as alleged violations involving methamphetamine and marijuana use.

On May 3, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

## AMENDED PETITION TO REVOKE

In its current amended petition to revoke (Dkt. No. 32), the Government alleges Defendant violated the following conditions:

1) **You must not commit another federal, state or local crime.** Specifically, the Government alleges that on January 29, 2026, Defendant committed the offense of Possession of a Controlled Substance (methamphetamine) by the Cass County Sheriff's Office in Texas.

2) **After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.** Specifically, the Government alleges Defendant failed to report to the probation office as instructed on February 12, 2026, and February 17, 2026.[1]

3) **You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the**

[1] According to the amended petition, Defendant has absconded from supervision and was last seen by the probation office on February 4, 2026. Dkt. No. 32 at 2. On February 10, 2026, Defendant was specifically told to self-surrender on February 12. Defendant failed to self-surrender on February 12 and did not respond to phone calls and a text from the probation office. He again failed to report for drug testing on February 17, 2026.

**program. You must pay any cost associated with treatment and testing.** Specifically, the Government alleges Defendant failed to report to the probation office for drug testing on February 12, 2026, and February 17, 2026.

**RECOMMENDATION**

The Court scheduled a final revocation hearing September 2, 2026. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Defendant pled true to the allegations as set forth above.

Based upon Defendant's plea of true to the above allegations, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's amended petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, to run consecutive to any term of imprisonment imposed in Cass County, Texas, with no term of supervised release to follow said term of imprisonment.

The Court further recommends the Court request the Bureau of Prisons designate FCI Texarkana for service of sentence. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations set forth above in the amended petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, to run consecutive to any term of

imprisonment imposed in Cass County, Texas, with no term of supervised release to follow said term of imprisonment.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

SIGNED this the 3rd day of September, 2026.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE